## W. H. Overton v. Terry & Huffman.

1. Practice in Supreme Court.—Discussion as to diligence required of plaintiff in error to have citation in error served.
2. Same—Waiver.—A motion to dismiss for defective citation in error is a waiver of delay in its issuance, as reason for dismissing the case when the defective citation has been corrected.

Error from Tarrant. Tried below before the Hon. Hardin Hart.

The facts are given in the opinions.

*Good & Bower*, for motion.

*Hancock, West & North*, contra.

Gould, Associate Justice.—The judgment in this case was rendered July 18, 1873; a petition for writ of error

was filed July 13, 1874, and a *supersedeas* bond on Novem-vember 18, 1874; but no citation in error was issued until June 25, 1875, a term of this court having intervened.

The transcript was filed at the Austin Term, 1876; but the case was, on motion of defendants in error, dismissed, because the citations in error were defective, being made re-turnable at the wrong time. The plaintiff in error perfected service of citation in time for Austin Term, 1877; but his counsel who had charge of the transcript failed to file it at the proper time. At a subsequent day of the term, the counsel having made a sufficient excuse for their failure to file, were allowed to file the transcript. This was after the as-signment had passed; and as the counsel for defendant in error was not present, and had no notice of the application for leave to file, the court, in granting the leave, directed that he be notified thereof. At the present term of court, he appears and moves to dismiss the writ of error, for various grounds, and, amongst others, because of the negligence to issue citation from January, 1874, to June, 1875.

It appears that a term of court was lost in consequence of this negligence; and, under the decisions of this court, if the motion made in 1876 had been to dismiss the writ of error because of this delay, the motion would have been sustained. (Wheeler *v.* The State, 8 Tex., 229; Roberts *v.* Sollibellus, 10 Tex., 354; Graham *v.* Sterns, 16 Tex., 156; Thompson & Adkinson *v.* Rice & Davis, *supra.*)

But no such ground was taken in that motion. The case was dismissed (stricken from the docket) for defective cita-tions in error, the plaintiff in error asking and receiving leave to withdraw the transcript filed, with the view of perfecting service.

In response to the motion now made, it is claimed that the failure to make any objection to the delay in the former motion amounts to a waiver of the right to make such objec-tion, and that it is now too late for the defendants in error to make it available.

The writer is of opinion that the acquiescence of defendant in error in the delay, and his consequent waiver of any rights growing out of the laches of plaintiff in error, should under the circumstances be presumed; and that for that reason the motion should be overruled.

                                        MOTION OVERRULED.


SEPARATE OPINION OF ROBERTS, CHIEF JUSTICE, in this, and dissenting as to next preceding case.—My opinion is, that the return term of a writ of error, under the statutes now in force, is the next term after the service of the citation or citations in error, provided the service is made twenty days before the first day of the assignment of the first term; and if service is made less than twenty days, it passes the first term, and is returnable to the next term. Acknowledgment of service by the attorney of defendant in error has the same effect as service of citation on the party, in determining the term to which the writ is returnable. When the petition for writ of error and bond is filed, when a bond is required, within two years from the date of the judgment, either party may exercise diligence in bringing up the case,—the plaintiff in error by having citations promptly issued, and the defendant in error by acknowledging service. If both neglect it for one, two, or more terms of this court, there is no penalty prescribed by statute for such neglect; and, therefore, when either party shall have the service perfected, by service of citation or by acknowledgment of service, then, and not until then, under the statute, it is the duty of the clerk to make out the transcript; and it is the duty of the plaintiff in error to bring it into this court at the return term (if service is perfected twenty days before the first day of the assignment) to which the case belongs; or, upon showing cause, he may file it afterwards during the term; or the defendant in error may then bring up the transcript to said first day of assignment; or if plaintiff in error fails to file the record, the defendant may file a certificate for affirmance. If judgment is affirmed

on certificate, plaintiff in error may bring up the record, and have it filed, and the judgment set aside, upon showing cause; and if the judgment of affirmance is less than forty days before the end of that term of the Supreme Court, the plaintiff in error may bring up and file the record at the next term, upon showing good cause.

Thus it is seen that the statute regulates the whole subject of the suing out a writ of error, perfecting it, and getting it into the Supreme Court, upon the hypothesis that a writ of error is returnable to the term of the court wherein the assignment for the case comes on twenty days after the service is perfected, whether perfected at the first term or any other subsequent term, after filing the petition and error bond; and after it is so perfected, either party may bring up the case into the Supreme Court, in the manner prescribed by the statute.

Any other or different view from this, has originated, I think, from the statutes of 1846 and 1848, that made appeals and writs of error returnable to the term of the Supreme Court "next succeeding the taking the appeal or writ of error," and the decisions that were made upon those statutes, without it being always particularly noticed that the statute of 1850 effected a radical change, by making the writ of error to be returned at the next succeeding term after citation was served. Time and opportunity will not now permit me to review the cases to show this.

Entertaining these views as to the proper construction of the statute, I concur in overruling the motion to dismiss this case. It is not upon the ground that the negligence of plaintiff in error was waived by not being insisted upon in the motion of defendants in error at a previous term, but on the ground that the writ of error was returnable to this term, it being the first term after full service of the citation in error, although citation might have been served sooner.

For the same reason, I concur in the judgment affirmance in the cases of Wilson v. Adams, 3695; Hohenthall v. Tur-

nure, 3696. And for this reason, I dissent from the judgment in the case of Thompson & Adkinson *v.* Rice & Davis, No. 3729, in which the motion to dismiss is sustained by a majority of the court, because, by the negligence of the plaintiff in error, the citation was not served in time for the first term, when by diligence it could have been served, as it may reasonably be presumed.

The facts in this last case were as follows: Judgment was rendered on the 4th of February, 1875; petition and bond for writ of error was filed on the 24th of January, 1877. The assignment in the Supreme Court to which the case might have been returned, if service had been made twenty days previously, was on the 16th of April, 1877. The plaintiff in error had sixty-two days within which to get service to the first term, of which time there was a delay of sixty-three days, and the citation was issued on the 29th of March, 1877, which was only eighteen days before the date of the assignment; and although the citation was served the same day, it was not in time for that term, but was brought up to this court at this, the next term, by plaintiffs in error, it being the first term after the lapse of twenty days from the service of the citation.

In deciding that the delay of sixty-three days was negligence by which a term was missed, I understand the court in effect to hold that the first term after which a petition and bond for writ of error is filed, is the return term of the writ, if, by the use of reasonable diligence, the plaintiff in error can procure service of citation in error twenty days before the first day of the assignment of said term, and that this court is vested with the power to determine what acts will or will not amount to reasonable diligence.

That is what I think the court should not attempt to do under the statutes regulating the subject.

To show what duties that rule will devolve on the court, I will cite the case of Lee *v.* Wilkins, error from Washington

county, decided upon a similar motion, upon the ground that a term had been missed by the negligence of the plaintiff in error, in not having citation issued immediately, as the statute requires.

Petition and bond for writ of error was filed on the 22d of March, 1876, which allowed six days within which to serve the citation, so as to make the case properly returnable to the first day of the assignment in the first term after filing the petition and bond, which was on the 17th of April, 1876. The citation issued nineteen days after filing the petition, to wit, 10th of April, and was served on the 11th, only six days before the assignment, and thereby a term was missed. The case being brought up at the next term, as the return term of the writ, the defendant in error moved to dismiss it, because a term had been missed by the negligence of plaintiff in error, in not having the citation issued promptly.

The failure to issue citation during six days, considering the promptness with which service was made when it was issued, may certainly be presumed to have been negligence. But how much negligence? Not enough, as the court held, to sustain the motion and dismiss the writ of error, as having lapsed by the negligence of the plaintiff in error. (That case, decided at the last term at Austin, is not reported.)

In this case, where there was a delay of sixty-three days before citation was issued, it is held that the writ had lapsed by negligence of the plaintiff. Of course, it would not do to establish a rule by these decisions that sixty-three days' delay was culpable negligence if it caused a term to be missed, and nineteen days' delay would be excusable negligence in causing a term to be missed. Nor would any other numbers than sixty-three and nineteen answer the purpose any better.

The statute furnishes no guide for diligence, other than directing that the citation shall issue forthwith, returnable in thirty days, and if not served, to be reissued; but imposes no terms, conditions, or penalties if it be not so issued; and

expressly makes it the duty of the plaintiff in error to file the transcript, which the clerk is directed to make out, after the citation· is served, at the first day of the assignment of the term, which is twenty days after the service of citation, without indicating what term that shall be, with reference to the date of the filing the petition and bond for the writ of error.