### CITY OF SHERMAN v. R. E. SMITH.

#### No. 805.

**1. Municipal Corporation—Judgment Against City—Enforcement—Current Expenses Have Preference.**

Where the law permits a city to maintain systems of waterworks and lights, and a fire department, the expenses thereof are entitled to be paid out of the fund available for general purposes, in preference to a debt not a part of the current expenses of the city, such as a judgment against it for a tort.

**2. Same—Maximum Limit of Taxation—Mandamus to Compel Additional Levy.**

Where a city's levy of taxes for general purposes reaches the maximum constitutional limit, and the taxes so levied and its other available funds are all required for the expenses of its maintenance, a judgment creditor cannot by mandamus compel an additional levy for the purpose of satisfying his judgment against the city.

**3. Same—Warrant on General Fund Denied.**

Nor in such case is the judgment creditor entitled to an order requiring the issuance of a warrant payable out of the general fund according to its number.

**4. Same—Special Fund—Discretionary Power.**

Article 372, Revised Statutes, authorizing city councils to provide special funds for special purposes, confers upon the council a discretionary power which cannot be controlled by mandamus at the instance of a judgment creditor of the city.

**5. Same—Mandamus—Diversion of Funds.**

That unless a mandamus is granted in some form requiring payment of a judgment against a city, it may never be satisfied, is not a consideration that will justify the diversion of the city's income from the purpose to which the law intends it to be primarily applied.

**6. Same—Waterworks—Special Fund.**

The constitutional provision for collecting 25 cents on the $100 valuation for city purposes, and a like amount for streets, waterworks, and other permanent improvements, does not contemplate that the expenses of operating waterworks after erection shall be provided for by a special fund, such provision being for creating the improvements.

APPEAL from Grayson.   Tried below before Hon. DON A. BLISS.

*Sidney Wilson,* for appellant.—1. A municipal corporation incorporated under our general laws for cities of less than ten and more than one thousand inhabitants cannot legally levy or collect a special tax for the payment of such judgment as appellee's.   Gould v. City of Paris, 68 Texas, 514.

2. The fact as to the necessity of maintaining a fire department,

waterworks and electric lights for a city is left to the sound discretion of the city or its council, and when they so say, such exercise is conclusive and no court can interpose, save for the plain and fraudulent abuse of such discretion. City of Austin v. Nalle, 85 Texas, 549; East St. Louis v. U. S., 110 U. S., 32; Dillon Mun. Corp. (3 ed.), p. 126, secs. 98, 94; Endlich Interpretation of Statutes, sec. 312.

3. The city of Sherman, appellant, is a municipal incorporation under the general law, and is given the right and discretion, and, when the necessity arises, directed by law, to maintain a fire department, a system of waterworks for public purposes, a system of lights for its streets, and is authorized to incur such other expenses as are necessary to carry out the purpose of its incorporation, and the expense of maintaining such government shall be paid out of its current revenues that can be used for such purposes, and should be paid before appellee's claim and the city will be protected in such payment, and no part of such current revenue can be diverted to the payment of such judgment as appellee's until such necessary expenses of maintaining such city government are first paid, and it is left with the city council as to how such government shall be maintained. 1 Sayles' Civ. Stat., arts. 370, 371, 372, 374, 377, 464; City of Corpus Christi v. Woesner, 58 Texas, 468; East St. Louis v. U. S., 111 U. S., 324; 1 Dillon Mun. Corp., sec. 94, p. 121, secs. 98, 126; Endlich, Interpretation of Statutes, secs. 312, 426.

*J. H. Wood* and *Allison Mayfield,* for appellee.—1. The petition shows a clear legal right in appellee to the demand asserted, and a corresponding obligation on the appellant to pay same. Rev. Stats., arts. 368, 370, 371, 372; 70 Texas, 360, 365; 76 Texas, 284, 285; 63 Texas, 629; 76 Texas, 321; Dearing v. Shepherd, 78 Ga., 28.

2. The court did not err in awarding to appellee the writ of mandamus, because it is shown that appellant had the power and the ability, and that it was the duty of appellant to discharge the indebtedness owing the appellee, or make necessary provision therefor, and that such duty lay in the levy and collection of a sufficient tax to pay same, and had refused to do so. Sandmeyer v. Harris, 7 Texas Civ. App., 515; Coy v. City of Lyons, 17 Iowa, 1; City of Galena v. Amy, 5 Wall., 705.

3. A municipal corporation created under the general laws of this State providing for the incorporation of cities and towns containing one thousand inhabitants or over, has the power to provide by ordinance a special fund for a special purpose and make the same disbursable only for the purpose for which the fund was created. Rev. Stats., art. 372.

JAMES, CHIEF JUSTICE.—Appellee held a valid judgment against the city, rendered upon a tort, and brought this action of mandamus to require the city and its common council to levy a tax sufficient to pay the judgment and costs, together with the costs of this proceeding, and to require the assessor and collector to do what was necessary to carry into effect such levy; or, if the court should determine that the city could

not levy a greater tax than that then levied for city purposes, then that the officers of the city be commanded and compelled to provide, if necessary, by ordinance, a special fund out of the tax so levied sufficient to pay this indebtedness; and if such relief could for any reason not be granted, then that the mayor and council be compelled to direct and authorize the issuance of a warrant by the city secretary, the same to be paid out of the funds on hand, or that may come into the hands of the city treasurer, as taxes levied and collected for city purposes, compelling the issuance of such warrant by such secretary in due form, with proper number, and the payment thereof according to its terms and number by the treasurer to the clerk of the court to be applied to plaintiff's judgment.

The conclusions of the judge (there is no statement of facts) show that it was proved that the expenses of the city, which was economically governed, amounted for the year then current and for previous years to $9,693.18 for maintaining the city government, $5,060 for maintaining a paid fire department, and $6,610.55 for maintaining waterworks and electric light, a total of $21,363.73. The income from all sources amounted to $20,668.60, which included revenue derived from the waterworks, $6,668.60. The city existed under the general law relating to towns and cities, and in deriving said income, the city had levied tax for general purposes of twenty-five cents on the hundred dollars, the maximum allowed. The above figures do not include the revenue derived from the levy of 25 cents on the $100 for improvements, nor the revenue levied for school purposes, nor the levy of 15 cents on the $100 for streets, nor the revenue derived from the railroad bond tax.

It is clear from the statement above that there was no room for either the levy of a tax, or the issuance of a warrant on the general fund for the liquidation of the species of claim which plaintiff had, if the expenses of maintaining a fire department, waterworks or system of electric lights are to be regarded as expenses of the city. If they were, they were entitled to be paid out of the fund available for general purposes, and the city had the right and it was its duty to so pay them, in preference to a debt not a part of the current expense of the city. If they were not, which was the view taken by the trial judge, then the levy of 25 cents on the $100 was materially greater than the necessities of the city government, and a levy sufficient to pay this judgment could properly have been made within the twenty-five cents, and mandamus might have issued to compel a provision for this debt in the levy.

The law permits the city to establish and maintain systems of waterworks, and lights, and a fire department. The power to institute and maintain these systems or departments, carries with it the obligation to meet the expenses thereof. The power to determine the necessity or desirability of such systems or branches of service is vested by law in the city council, and they are not restrained in the exercise of such discretion, except indirectly by the limit upon their power to raise revenue. When this body has seen fit to create those departments and operate them,

there. can be no other view than that the expense of carrying them on becomes part of the current expenses of the city, entitled to be discharged out of the current revenues. We can see no difference in this respect between such expense and that incurred for police or sanitary purposes. Certainly the courts have no power to review the acts of a city council in a matter committed by law to their judgment and discretion. And when the city sees fit, through its council, to adopt such works or service, the carrying them on becomes one of the governmental functions of the city; and we have no power to question the city's right to these benefits because we may consider that they could be dispensed with, and an efficient city government conducted without them. East St. Louis v. U. S., 111 U. S., 321; Clay County v. McAleer, 115 U. S., 116.

The grant of the writ to compel a levy was under the facts of this case erroneous. The city needed all of the funds raised by the maximum rate of levy and its other available funds for the expenses of its maintenance. The levy commanded would have required the city to go beyond the constitutional limit, or would have denied it the means of applying that much of its income to the paramount purpose of paying its current expenses.

Appellant also refers to the power of the council "to provide by ordinance special funds for special purposes" (Revised Statutes, article 372), and in his petition he prayed that appellant be required to provide by ordinance, if necessary, a special fund out of the tax levied for city purposes sufficient to pay appellant's claim. This power is manifestly a discretionary matter with the council. No duty is devolved on them in this respect, and its exercise cannot be controlled by mandamus.

He also insists that he was entitled under the allegations and proof to an order requiring the issuance of a warrant in the manner stated in his prayer. We agree with the court that plaintiff was not entitled to this form of relief. A warrant issued to him payable out of the general fund according to its number, in the condition of such fund with reference to the charges thereon as shown by the testimony, would, if paid, necessarily have diverted that much of the fund from its proper application to current expenses, and left that much of the current expenses unpaid.

The case of Corpus Christi v. Woessner, 58 Texas, 462, is authority for the granting of mandamus requiring the city to pay over to a plaintiff the surplus of the city revenues, over and above her current and ordinary expenses at the end of each year until the judgment was satisfied. It is observed that the facts of that case showed there was such surplus in the city treasury at the time, and that there would probably be such a surplus in succeeding years. In the present case, this fact, either as to the present or future condition of the city's finances, does not appear; in truth the contrary would seem to be the fact. Under the evidence before us, the character of judgment affirmed in the last mentioned case would be speculative and inappropriate.

The judgment will be reversed and here rendered for the appellant, without prejudice to any future proceedings in this behalf.

*Reversed and rendered.*

Delivered February 26, 1896.

ON REHEARING.

JAMES, CHIEF JUSTICE.—The argument that, unless a mandamus be granted, in some form requiring provision for or payment of this claim, it might never be satisfied, is not a consideration that would justify the diversion of a city's income from the purpose to which the law intends it to be primarily applied.  If this were the rule, it is plain to see how the city would or might continually be disabled from conducting its government.  Suppose the liability of the city for cases growing out of tort amounted to large sums, which it is not unreasonable to suppose, a rule which requires the city to provide for the same out of funds that are necessary to defray its proper current expenses, whether such provision is enforced out of one year's funds or extended over many years, would practically deny the city the right to live.

It is our understanding of the law in these cases that the income is a primary fund for the payment of expenses of government; in other words, the expenses are a charge on the income in preference to other species of debt.  And it must follow that when, as is shown to be the case here, the income is barely sufficient to meet current expenses, under economical administration, and such appears to be the settled status of the city's finances with the highest rate of tax allowed for general purposes and other sources of income, the court would not observe the law if they compelled payment of other liabilities out of such income.  The contention that, unless such provision is made, plaintiff is in the position of having a right without a remedy, is of no more force than if he held a judgment against a person, whose property must go to pay prior claims, and from whom he has no present expectation of obtaining payment. This, in a like sense, would be a right without a remedy.  There can exist on principle no distinction in this respect between claims founded on tort and on contract.

No one would question that the city is liable for the claim, and that the council ought to devise ways and means for its payment.  But this affords no reason why a court should undertake to govern the city by controlling or determining what it may have and may not have of the benefits it is permitted to enjoy,—a discretionary matter which the law has committed exclusively to the common council.

The constitutional provisions for collecting twenty-five cents on the $100 valuation for city purposes, "and a like amount for the erection of streets, waterworks and other permanent improvements," does not contemplate that the expense of operating waterworks after erection should

be provided for by special fund. The provision is for creating the improvements.

The motion for rehearing is overruled.

*Overruled.*

Delivered April 22, 1896.

Application for writ of error dismissed.