CAPPS et ux. v. CITIZENS' NAT. BANK OF LONGVIEW et al.

(Court of Civil Appeals of Texas. Feb. 16, 1911.)

1. GARNISHMENT (§ 146*)—ANSWER OF GARNISHEE—AMENDMENT.

Where a garnishee answered stating the amount of money in its hands belonging to defendant city, but failed to state that it did not know of any person or persons having in his or their possession any effects belonging to the city, and such omission was found not willful, but an oversight of the garnishee, the court, on sustaining a motion to strike out the answer, properly permitted the garnishee to file a new answer curing the defect.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 274; Dec. Dig. § 146.*]

2. MUNICIPAL CORPORATIONS (§ 1031*)—MU-
NICIPAL FUNDS — LIABILITY TO GARNISH-
MENT.

Funds of a city deposited in a city deposi-
tory in the manner provided by law cannot be
subjected to the city's debts by process of gar-
nishment.

[Ed. Note.—For other cases, see Municipal
Corporations, Cent. Dig. § 2201; Dec. Dig. §
1031.*]

3. MUNICIPAL CORPORATIONS (§ 886*)—MONEY
APPLICABLE TO GENERAL EXPENSES—PAY-
MENT OF DEBTS.

Where money held by a city to pay current
expenses was inadequate for the purpose, no
part of the fund could be applied to the pay-
ment of a general creditor.

[Ed. Note.—For other cases, see Municipal
Corporations, Cent. Dig. § 1868; Dec. Dig. §
886.*]

Appeal from Gregg County Court; J. H.
McHaney, Judge.

Action by M. F. Capps and wife against
the Citizens' National Bank of Longview,
garnishee, and others. Judgment in favor of
the garnishee, and plaintiffs appeal. Af-
firmed.

F. B. Martin, for appellants. M. L. Cun-
ningham, for appellees.

WILLSON, C. J. Appellants recovered a
judgment against the city of Longview, and
to enforce payment thereof sued out and had
a writ of garnishment served on the Citizens'
National Bank, the depository under the law
of the funds of said city. The bank answer-
ed that as the depository of said funds it
held for the city the sum of $9,513.15. It
failed to state in its answer that it did not
know of any person or persons having in his
or their possession any effects belonging to
the city. Because of this omission, the trial
court, on motion of appellants, struck out
the answer, but permitted the garnishee to
file another answer curing the defect in the
one originally filed. This action of the trial
court and his refusal, when the original an-
swer was stricken out, to render a judgment
by default in appellants' favor against the
garnishee, are complained of as error. It
appears from a recital in the judgment that
it was shown to the satisfaction of the trial
court that the omission in the original an-
swer was not a willful one, but was due to
an oversight on the part of the garnishee.
In Jemison v. Scarborough, 56 Tex. 360, as
here, the answer of the garnishee was de-
fective. The court said: "This is not a case
where the garnishee is in default for the
want of an answer. But here the answer is
defective, and, standing alone, would not au-
thorize a judgment to be rendered discharg-
ing him; but, until excepted to, it is such
an answer as ought to preclude the rendition
of a judgment by default against him. In
such a case the plaintiff ought to except to
the answer; for then, if the same is insuffi-
cient, the garnishee would have the right to
amend, so as to fully place his case before

the court." On the authority of that case,
and Bank v. Robertson, 3 Tex. Civ. App. 150,
22 S. W. 100, 24 S. W. 659, and Simon v.
Ash, 1 Tex. Civ. App. 202, 20 S. W. 719, we
overrule the assignments presenting the con-
tention.

At the instance of the garnishee, the city
was made a party, and answered that the
funds in the hands of the garnishee were in
its custody as an agent of the law, and that
same were not subject to the writ because
needed by the city to pay its current expens-
es. It was shown that the city was incorpo-
rated under the general incorporation law
(Sayles' Ann. Civ. St. 1897, cc. 1 to 10, tit.
18); that the funds held by the garnishee
represented taxes collected by the city; that
all except $1,426.51 of same constituted spe-
cial funds for special purposes provided as
authorized by law (Sayles' Ann. Civ. St. 1897,
art. 416); that the $1,426.51, which alone
was available for the purpose of paying the
current expenses of the city, was not suffi-
cient for that purpose; that the funds held
by the garnishee represented taxes collected
by the city; and that the garnishee had
been duly selected as provided by law (sec-
tions 34 to 40, Act May 1, 1905 [Gen. Laws
1905, pp. 395 to 398]; Act April 5, 1907,
amendatory section 34 thereof [Gen. Laws
1907, p. 132]) as the depository of said funds.
Section 35 of said act 1905 requires a deposi-
tory selected by a city in accordance with its
provisions to enter into a bond payable to
the city, conditioned for the "faithful per-
formance of all duties and obligations de-
volving by law or ordinance upon said depos-
itory, and for the payment upon presentation
of all checks drawn upon said depository by
the city treasurer, whenever any funds shall
be in said depository applicable to the pay-
ment of said check; and that all funds of
the city shall be faithfully kept by said de-
pository, and with the interest thereon ac-
cording to law." Section 36 makes it the
duty of the city treasurer, immediately after
the city council has made an order approv-
ing the bond of the depository selected, to
transfer to such depository all the funds in
his hands belonging to the city, and there-
after as he receives such funds to deposit
same with such depository. Section 37 de-
clares that "no money belonging to the city
shall be paid out of the city depository ex-
cept upon checks of the city treasurer."
Section 39 declares that "no check shall be
drawn upon the city depository by the treas-
urer except upon a warrant signed by the
mayor and attested by the secretary." The
portions quoted of said act 1905 are consist-
ent with those provisions of the law which
give to the city council the management and
control of the city finances and forbid the
disbursement of any of the funds belonging
to the city, except as ordered by the city
council (Sayles' Ann. Civ. St. 1897, arts. 414,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

415, 409), and are not consistent with a right in a creditor to subject such funds, while held in the depository, to the satisfaction of his debt by the process of garnishment. If such a right exists in favor of one creditor, it exists in favor of every creditor of a municipal corporation operating under the general law. If it exists and can be exercised by one, it can be exercised by each of such creditors. It is. easy to foresee what would be some of the results of an exercise of such a right by creditors of a city. Its revenues, which should be devoted to the accomplishment of the purposes for which it exists as a municipality, would be wasted in the payment of court costs, etc., and it soon would be without means to carry on its governmental affairs. We are unwilling to concede that a right, the exercise of which might be fraught with such consequences to a city, exists in favor of its creditors. The provisions of the statutes referred to, and others exempting from forced sale property owned and held by cities for public purposes (Sayles' Ann. Civ. St. 1897, art. 2399) and empowering the city council "to appropriate money and provide for the payment of the debts and expenses of the city" (Sayles' Ann. Civ. St. 1897, art. 415), indicate the policy of the law to be against the existence of any such right in the creditor of a municipality. The funds of the city while in its depository should, we think, be regarded as in the hands of an agent of the law, and should be held to be disbursable by it only in the way designated by law. Curtis v. Ford, 78 Tex. 268, 14 S. W. 614, 10 L. R. A. 529; Pace v. Smith, 57 Tex. 558; City of Sherman v. Smith, 12 Tex. Civ. App. 580, 35 S. W. 296; Brooks v. Cook, 8 Mass. 246; 14 A. & E. Ency. Law, pp. 808, 817.

But, if we thought the bank as the depository of funds belonging to the city was liable to be summoned as a garnishee, we would be of the opinion, nevertheless, that the judgment should be affirmed. Appellants seem to concede that they were not entitled to have their judgment paid out of any of the funds held by the depository for special purposes designated by the city council. Their contention is that the $1,426.51 held in the depository for general purposes of the city should have been applied to the payment of their judgment. As before stated, it was shown that this fund was the only fund available to the city out of which to pay its current expenses, and that it was wholly insufficient for that purpose. It seems to be the rule that such expenses are entitled to priority of payment as against other indebtedness of the city, out of its revenues, and that the excess of such revenues over and above such expenses alone can be looked to for the satisfaction of such other indebtedness. In City of Sherman v. Shobe, 94 Tex. 126, 58 S. W. 949, 86 Am. St. Rep. 825, Chief

Justice Gaines said: "It is only upon the surplus of the general revenues of a county (city) that remain after the current expenses have been paid that a general creditor has a claim, and to subject that surplus to the payment of his debt the writ of garnishment is not the remedy." And see City of Sherman v. Smith, 12 Tex. Civ. App. 580, 35 S. W. 296; Gordon v. Thorp, 53 S. W. 361; City of Sherman v. Williams, 84 Tex. 421, 19 S. W. 606, 31 Am. St. Rep. 66; City of Denison v. Foster, 37 S. W. 167.

The judgment is affirmed.