## MANUFACTURERS' NAT. BANK OF RACINE, WIS., v. PEORIA LIFE INS. CO.

(District Court, N. D. Texas, Dallas Division. January 16, 1924.)

No. 3302.

1. **Garnishment ⬄146, 178—Garnishee, answering in part, permitted to amend answer.**

   A garnishee, who in good faith fails to answer some portion of the question, may be permitted to file an amended answer, and default judgment, if taken against garnishee, will be set aside.

2. **Garnishment ⬄146, 178—Garnishee not defaulted, but permitted to amend, where answer incomplete.**

   Where garnishee answered two of the questions contained in writ of garnishment, but failed to answer question as to whether defendant in parent action owned any stock in garnishee corporation, through inadvertence of attorneys employed to represent the garnishee, and where such failure was an honest oversight on the part of the attorneys, and not willful, the court will not grant plaintiff's motion for default judgment against garnishee, under Texas Complete Statutes 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 282, providing for default judgment on garnishee's failure to answer writ, but will permit garnishee to file amended answer.

At Law. Action by the Manufacturers' National Bank of Racine, Wis., in which the Peoria Life Insurance Company was brought in as garnishee. On plaintiff's motion for default judgment against garnishee. Motion denied, and garnishee given authority to file amended answer.

William T. Henry, of Dallas, Tex., for the motion.

Burgess, Burgess, Sadler, Chrestman & Brundidge, of Dallas, Tex., opposed.

ATWELL, District Judge. The plaintiff caused a writ of garnishment to be served on the garnishee. The writ required the garnishee to answer what it owed the defendant in the parent suit; whether it had knowledge that any one else owed that defendant anything; and, third, whether the defendant owned any stock in the corporation garnisheed. The garnishee answered that it owed the defendant nothing, that it knew of no one else who was indebted to the defendant, but neglected to answer the third question.

Under the Texas statute, the plaintiff had a right to traverse the answer (article 299, 1920 Complete Texas Statutes, or Vernon's Sayles' Ann. Civ. St. 1914), and to have a trial of such issue. Article 282, 1920 Complete Texas Statutes, or Vernon's Sayles' Ann. Civ. St. 1914, provides that, if the garnishee fails to make answer to the writ, it shall be lawful for the court, at any time after judgment shall have been rendered against the defendant, and on or after default day, to render judgment by default against such garnishee for the full amount of such judgment against the defendant, with all accrued interest and costs.

Judgment having been rendered for the plaintiff, and default day having passed, the plaintiff moves for judgment by default against the garnishee for the full amount of its judgment against the defendant, as provided under the statute. The garnishee answers that it employed Burgess, Burgess, Sadler, Chrestman & Brundidge to represent it in the preparation of its answer to the writ of garnishment; that when such answer was presented to it for signature, not knowing the technicalities, it signed the answer prepared for it by its attorneys; that the attorneys inadvertently failed to answer as to the number of shares owned in the garnisheed corporation by the defendant; that such failure was a mere mistake, an honest oversight. This is supported by an affidavit of a credible practitioner of this bar, which affidavit and showing the court believes.

The garnishee now tenders into court an amended answer, making a full exposure of all matters asked about, and prays that the court allow it to be filed. The plaintiff contends that it is entitled to its default judgment under the statute, regardless of such showing, and bases such claim upon Freeman v. Miller, 51 Tex. 443, Selman v. Orr, 75 Tex. 528, 12 S. W. 697, and Holloway v. Bank, 92 Tex. 187, 47 S. W. 95, 516. The garnishee insists that the question is ruled by Jemison v. Scarborough, 56 Tex. 358, Capps v. Citizens' Bank (Tex. Civ. App.) 134 S. W. 808, and Jones v. Gunter (Tex. Civ. App.) 184 S. W. 342.

Freeman v. Miller holds, and, it is the law of Texas, that when a garnishee, without any excuse given therefor shown on the record, fails to make any answer to one or more of the statutory questions, the court is authorized to proceed as though no answer had been made, and render judgment accordingly. If, from any cause, injustice has been done the garnishee, he can only be relieved by initiating himself a proper proceeding to set aside the judgment. The Supreme Court in Selman v. Orr approves this holding. Holloway Seed Co. v. Bank, 92 Tex. 189, 47 S. W. 95, 516, is an opinion by Chief Justice Gaines calling attention to the fact that the writ of garnishment is a creature of the statute, and that the procedure is a matter of such regulation,

and that its demands must be complied with. To this line of authorities, which unquestionably announce the law, the holdings cited by the garnishee present the exception.

[1, 2] In other words, where a garnishee in good faith and not willfully—honestly, without willful intent—fails to answer some portion of the question, then and in that event it may be permitted to file an amended answer, and, if default judgment had been theretofore taken, it would unquestionably be set aside; merely a sensible illustration of not permitting legal exactness to work a hardship or penalty upon the innocent. In the opinion of Jones v. Gunter (Tex. Civ. App.) 184 S. W. 344, the court said:

"We think it may be said that the omission in the answer was not willful, but due to an oversight on the part of appellant, and no delay which would have affected the rights of the parties appearing, the court ought to have granted the motion to set aside the judgment and to have permitted the appellant to file its answer. Bank v. Robertson, 3 Tex. Civ. App. 150, 22 S. W. 100, 24 S. W. 659; Simmons v. Ash, 1 Tex. Civ. App. 202, 20 S. W. 719; Capps v. Bank, 134 S. W. 808; Wood v. Edwards, 9 Tex. Civ. App. 537, 29 S. W. 418; Heath v. Jordt, 31 Tex. Civ. App. 535, 72 S. W. 1022."

Of course the recognition of this exception appeals to our feeling of justice, and may not be broadened nor resorted to for the protection of any but the one who has acted in all good faith and with all diligence.

The motion for judgment is denied, and authority is given to file the amended answer. Orders accordingly.