## ARMOUR & CO. et al. v. GRAY et al.
## No. 9456.

Court of Civil Appeals of Texas. San Antonio.

Nov. 28, 1934.

Rehearing Denied Dec. 19, 1934.

Brown & Bader, of Edinburg, for plaintiffs in error.

Kelley, Looney & Norvell, of Edinburg, for defendants in error.

MURRAY, Justice.

This is a proceeding in garnishment instituted by defendant in error J. L. Gray against plaintiffs in error, Armour & Co. of Illinois and Armour & Co. of Delaware.

A writ of garnishment in the usual form was issued against plaintiffs in error, in an attempt to collect a judgment previously obtained by defendant in error against one Felix Muleski, in the sum of $3,500. Plaintiffs in error filed identical answers, and in so far as they attempted to answer the interrogatories contained in the writ, read as follows:

"That neither at the time of the service of said Writ of Garnishment upon the said A. A. Lund, nor since, nor is it now indebted to the said Felix Muleski; that neither at the time of the service of said Writ of Garnishment, as aforesaid, nor since, nor now did it have nor has it any effects of the said Felix Muleski in its possession or under its control and that it has no knowledge of any other persons being indebted to the said Felix Muleski.

"Further answering, said garnishee says that neither at the time of the service of said writ of garnishment, nor since, nor now, is or was there any stock of the said Armour and Company, an Illinois Corporation (Armour and Company of Delaware, a Delaware Corporation), shown by the records of said corporation to be owned or held by said Felix Muleski and that said Garnishee has no knowledge of any ownership or holding of stock or any interest whatsoever in said corporation by the said Felix Muleski."

The trial judge found these answers to be insufficient and unsatisfactory and granted judgment by default against plaintiffs in error for the full amount of defendants in error's former judgment; hence this appeal.

It is clear from the above answer that defendants in error did not state whether or not they knew of other persons who had effects belonging to Muleski in their possession.

It is further contended that the answer does not positively state that Muleski does not own any stock in plaintiffs in error's company, but we do not agree with this contention. It occurs to us that this answer goes as far as an officer of a corporation can go in stating that a party does not own any stock in the corporation.

The question here presented is: Did the trial judge properly render judgment by default against plaintiffs in error for failure to answer the question above pointed out as to whether or not they had knowledge of other persons who were in possession of effects belonging to Muleski?

Article 4086, R. S. 1925, reads as follows: "*Garnishee discharged.*—If it appears from the answer of the garnishee that he is not indebted to the defendant, and was not so indebted when the writ of garnishment was served on him, and that he has not in his possession any effects of the defendant and had not when the writ was served, and when the garnishee is an incorporated or joint stock company in which the defendant is alleged to be the owner of any shares of stock or interested therein, if it further appears from such answer that the defendant is not and was not, when the writ was served, the owner of any such shares, or interested in such company, should the answer of the garnishee not be controverted as hereinafter

provided, the court shall enter judgment discharging the garnishee."

The answer filed herein by plaintiffs in error meets all the requirements of the above provision of the statute, and if these answers were not sufficient to require that plaintiffs in error be discharged, surely they were sufficient, in the absence of any demurrers or controverting affidavit by the plaintiff, to prevent the taking of a judgment by default. City National Bank v. Steadman (Tex. Civ. App.) 21 S.W.(2d) 23; Capps v. Citizens' Nat. Bank (Tex. Civ. App.) 134 S. W. 808; Manufacturers' Nat. Bank v. Peoria Life Ins. Co. (D. C. Tex.) 294 F. 589.

The judgment of the trial court is reversed, and the cause remanded.