J. L. GRAY ET AL. V. ARMOUR & COMPANY ET AL.

No. 6863.   Decided April 28, 1937.
Rehearing overruled May 19, 1937.
(104 S. W., 2d Series, 486.)

*Kelley, Looney & Norvell,* of Edinburg, for plaintiffs in error.

The answers of defendants were insufficient. Norton v. B. & A. Drilling Co., (Com. App.) 34 S. W. (2d) 1095; Freeman v. Miller, 53 Texas 372; Kentucky Oil Corp. v. David, (Com. App.) 285 S. W. 290.

*Brown & Bader,* of Edinburg, for defendants in error.

The answers of defendants were, as a matter of law, sufficient to prevent any judgment going against them. Carter v. Carter, 5 Texas 93; Citizens Natl. Bank of Lubbock v. First Natl. Bank of Bronte, 14 S. W. (2d) 1043; First Natl. Bank of Hale Center v. Wilson, 22 S. W. (2d) 546.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Plaintiff in error, J. L. Gray, holding a judgment against one Felix Muleski, brought a garnishment proceeding against defendants in error, Armour & Company of Illinois, and Armour & Company of Delaware. Writ of garnishment was duly issued, and defendants in error each made answer. Among the things which they were required to answer under oath was, what other persons, if any within their knowledge, had effects in their possession belonging to said Muleski. This inquiry they failed to answer. The trial court found that defendants in error had not

filed sufficient and satisfactory answers to the interrogatories propounded in the writ, and entered judgment by default in favor of plaintiff in error against defendants in error for the full amount of plaintiff in error's judgment due and unpaid. Defendants in error appealed from that judgment. The Court of Civil Appeals reversed and remanded the cause, holding that the answers were sufficient to prevent a default judgment. 77 S. W. (2d) 597. Writ of error was granted because of an apparent conflict in decisions.

The answers of defendants in error did contain everything required by Article 4086 of the Revised Statutes of 1925. That article is as follows:

"If it appears from the answer of the garnishee that he is not indebted to the defendant, and was not so indebted when the writ of garnishment was served on him, and that he has not in his possession any effects of the defendant and had not when the writ was served, and when the garnishee is an incorporated or joint stock company in which the defendant is alleged to be the owner of any shares of stock or interested therein, if it further appears from such answer that the defendant is not and was not, when the writ was served, the owner of any such shares, or interested in such company, should the answer of the garnishee not be controverted as hereinafter provided, the court shall enter judgment discharging the garnishee."

These answers were in no manner contested. It will be noted that the article above quoted does not make it a condition precedent to the discharge of the garnishee that the answer must show that garnishee has no knowledge that other persons have in their possession effects belonging to the defendant or judgment debtor. The express language of the article is that the garnshee shall be discharged if the answer contains the matters therein mentioned, regardless of what may or may not be shown concerning the inquiry about the effects in the hands of other persons. This article must be given effect if possible, and such construction must be given all other articles as will make them in harmony with this article, if this can reasonably be done.

There are expressions in previous cases to the effect that if the garnishee fails to make answer to any one or more of the statutory questions the court is authorized to proceed as though no answer had been made, and render judgment accordingly. Freeman v. Miller, 51 Texas 443; Norton v. B. & A. Drilling Company, 34 S. W. (2d) 1095; Kentucky Oil Corporation v. David, 285 S. W. 290; Lamb-McAshan Company v. Ellis, 270 S. W. 547.

We have concluded that the language referred to must be in-

terpreted in the light of the particular facts in those cases. Upon examination of the facts in each of the cases where this language has been used we think it will be found that the question which the garnishee failed to answer was a question which by virtue of Article 4086 should have been answered as a condition precedent to the discharge of the garnishee. It will also be found that in most instances, if not all, exceptions were filed to the answer raising the question of insufficiency. We are of the opinion that the various articles of the statute, when construed together, contemplate that when an answer is filed containing all that is required by Article 4086 to entitle the garnishee to a discharge, it shall, in absence of a controverting affidavit as provided for in Article 4094, constitute a sufficient answer, and prevent judgment against the garnishee. This conclusion is in harmony with those decisions which have upheld the right of a garnishee to amend the answer when confronted with exceptions touching its insufficiency, and in some instances to have a default judgment set aside. Capps v. Citizens National Bank, 134 S. W. 808; Jemison v. Scarborough, 56 Texas 358; Simon v. Ash, 20 S. W. 719; Jones Hardware & Furniture Co. v. Gunter, 184 S. W. 342; Manufacturers National Bank v. Insurance Co., 294 Fed. 589.

Prior decisions, however, must be construed as clearly establishing the rule that if the answer filed does not contain responses to all inquiries required to be answered in order to furnish the basis for discharge, as provided by Article 4086, then the answer may be regarded as insufficient, even in the absence of exceptions or a controverting affidavit, and judgment by default may be entered against the garnishee. It appears to us that if an answer which fails to make response to each and all of the inquiries provided for in Article 4081, is to be regarded as no answer at all, thus preventing a discharge, even if the answer contains all that is mentioned in Article 4086, such holding would make this latter article accomplish no useful purpose.

If a garnishee files answer which complies with Article 4086, it seems to us but a fair and just rule to require the plaintiff to call to the attention of the court by proper exceptions or objections the fact of any insufficiency in the answer, thus affording the garnishee an opportunity to supply a complete answer, and also affording the court an opportunity to prevent injustice and to do justice by all parties.

The judgment of the Court of Civil Appeals reversing and remanding the cause is affirmed.

Opinion adopted by the Supreme Court April 28, 1937.

Rehearing overruled May 19, 1937.