606

## SNYDER NAT. BANK v. PINKSTON.
### No. 14001.

Court of Civil Appeals of Texas. Dallas.
March 11, 1949.

Rehearing Denied April 8, 1949.

John E. Sentell, of Snyder, and Edwin A. Nesbitt, of Dallas, for appellant.

Jack Pinkston, of Dallas, for himself.

BOND, Chief Justice.

This is an appeal from a judgment of County Court at Law No. 1, Dallas Coun-

ty, against the Snyder National Bank, in a garnishment proceedings brought by appellee, ancillary to a suit for debt against one M. M. Clark. The judgment was entered by default against the defendant-debtor and the garnishee corporation located at Snyder, Scurry County, Texas. The garnishment writ was directed to the garnishee to answer in form and manner required by law, and within the time directed by the writ, the interrogatories,—whether or not it was indebted to the defendant Clark, had effects in its possession belonging to the defendant, and to name any third person having any assets belonging to the defendant. The garnishee made negative answers to such interrogatories, to which answers the garnishor (appellee) did not file controverting affidavit.

The Legislature has enacted comprehensive statutory requirements in reference to garnishment proceedings whereby the property, money, or assets of one person in possession of or owing another, are applied to the payment of the debt of the debtor by means of statutory process against the debtor and the garnishee; Title 68, Art. 4076 et seq., R.S. From such source, the Texas Rules of Civil Procedure, promulgated by our Supreme Court, have given the subject of garnishment similar requirements. Sec. 4, Garnishment, Rule 657 et seq.

Art. 4079, now Rule 659, provides, pertinent here, that a writ of garnishment "shall command the garnishee to answer under oath * * * what, if anything, he is indebted to the defendant, and was when the writ was served, and what effects, if any, of the defendant he has in his possession, and had when such writ was served, * * *." Art. 4086, Rule 666, provides: "If it appears from the answer of the garnishee that he is not indebted to the defendant, and was not so indebted when the writ of garnishment was served upon him, and that he has not in his possession any effects of the defendant and had not when the writ was served, * * * should the answer of the garnishee not be controverted as hereinafter provided, the court shall enter judgment discharging the garnishee." Art. 4094, Rule 673, provides: "If the plaintiff should not be satisfied with the answer

of any garnishee, he may controvert the same by his affidavit stating that he has good reason to believe, and does believe, that the answer of the garnishee is incorrect, stating in what particular he believes the same to be incorrect. The defendant may also, in like manner, controvert the answer of the garnishee."

It will be observed that there is no statute or rule authorizing judgment against a garnishee in absence of a controverting affidavit. Rule 674 provides that "If the garnishee whose answer is controverted, is a resident of the county in which the proceeding is pending, an issue shall be formed under the direction of the court and tried as in other cases." Thus it will be seen in garnishment proceedings a controverting affidavit to the garnishee's answer must be made and filed to entitle the plaintiff to a judgment against the garnishee for the debt of the defendant, and be "tried as other cases." Thus in absence of such controverting affidavit, it must be presumed that the sworn answer speaks the truth and the garnishee shall be discharged.

The record in this appeal discloses that the plaintiff sued out the garnishment writ on November 2, 1946, commanding the garnishee, a corporation, to appear in the court below on November 16, 1946, at 10 o'clock A.M., then and there to answer the interrogatories thus propounded. The writ was in due form and served upon the garnishee on November 4, 1946. The garnishee promptly, on November 8, filed its verified answer wherein it set forth facts that it was in no wise liable under the writ of garnishment. Subsequently on November 23, 1946, in lieu of the filing of a controverting affidavit, or motion to require the garnishee to file supplemental or additional answer, the plaintiff made written request of the garnishee, under Rule 169, T.R.C.P., for admission of facts to each of the several pertinent interrogatories set forth in the writ of garnishment. Which request the garnishee ignored, thus declined to answer; whereupon, on April 2, 1948, the plaintiff filed motion for judgment by default against the garnishee. Accordingly, the trial court sustained the motion and entered judgment in favor of the plaintiff

608

against the garnishee for the sum of $306.38 together with legal interest and all costs of suit.

We are of the opinion that the garnishee, in absence of a controverting affidavit, was entitled to be discharged on its answer under Art. 4086, Rule 666, supra. The court below was wholly lacking in judicial power or authority to grant plaintiff's motion and render judgment by default. Pinkston v. Victoria Bank & Trust Co., Tex.Civ.App., 215 S.W.2d 245. Garnishment being a special statutory proceeding, such must be in strict harmony with statutory requirements. Beggs v. Fite, 130 Tex. 46, 106 S.W.2d 1039. Where answer filed by garnishee, as here, contains all the applicable requirements of the statute and Rules of Civil Procedure, in absence of plaintiff's controverting affidavit, such answer constitutes sufficient ground to prevent judgment against the garnishee. Gray v. Armour & Co., 129 Tex. 512, 104 S.W.2d 486. And until such answer is controverted a trial court is without power to determine the issues thus raised; hence the garnishee was entitled to be discharged. In such circumstances, the plaintiff, by proffered evidence or judicial admission of facts under Rule 169 supra, confers no power on the court to render judgment contrary to the answer. Rule 169 has no application in garnishment proceedings in absence of joinder of issues by plaintiff's controverting affidavit, to the garnishee's answer. The judgment of the court below should be reversed and cause remanded for further action in accordance with such applicable rules governing garnishment as may apply to the situation at hand, after the filing of controverting affidavit, or motion requiring further answer of the garnishee. Garnishee having answered before appearance day under the writ, cannot deprive the plaintiff of the right to require, by amended answer, a disclosure of any additional indebtedness accruing after the date of service of the writ to the date the garnishee was commanded to answer. Consolidated Gasoline Co. v. Jarecki Mfg. Co., Tex.Civ. App., 72 S.W.2d 351, citing Texas Jurisprudence. Approved, Jarecki Mfg. Co. v. Consolidated Gasoline Co., 129 Tex. 644, 105 S.W.2d 663. Otherwise Rule 666 must be given effect, the trial court shall enter judgment discharging the garnishee.

Accordingly, the judgment of the trial court is reversed and cause remanded.