**R. E. COWLING et al., Appellants,**

v.

**Mrs. R. M. COLLIGAN, Appellee.**

**No. 3506.**

Court of Civil Appeals of Texas.

Waco.

Nov. 21, 1957.

Rehearing Denied Dec. 12, 1957.

Kelley & Ryan, Houston, for appellants.

Stovall, O'Bryant & Stovall, Houston, for appellee.

HALE, Justice.

Appellants brought this suit as a class action under the Uniform Declaratory Judgments Act to test the validity of certain restrictive covenants relating to Post Oak Gardens, a subdivision in Harris County, Texas. The restrictions in controversy were designed primarily to prevent the use of the property in the addition for business purposes. Appellants sought by their suit to enjoin the projected business use of one of the lots in the subdivision by appellee, the owner of the lot, and to secure a judicial determination that the original restrictions placed against the use of the subdivision were still valid, binding and effective. The case was tried without the aid of a jury and resulted in a declaratory judgment holding the original restrictions to be generally in full force and ef-

fect, but by reason of changed conditions the court further found that it would be inequitable and unjust to hold the lot owned by appellee to be subject to the continued restriction against its use for business purposes. The effect of the judgment was to remove the lot from the restriction against its use for business purposes and to deny the injunctive relief sought by appellants.

The appeal is predicated upon two points of error as follows: "Point 1—The trial court erred in removing Tract No. 2 in Post Oak Gardens from the effect of the restrictive covenants applicable to Post Oak Gardens. Point 2—The trial court erred in considering the change of conditions in adjoining and abutting lands outside the boundaries of Post Oak Gardens in determining that it was no longer just and equitable to enforce against Tract No. 2 the restrictive covenants applicable to Post Oak Gardens."

The record before us contains extensive Findings of Fact and Conclusions of Law by the trial judge but it does not contain any statement of facts or a transcript of any of the evidence which was introduced upon the trial. From the Findings of Fact it appears, among other things, that the original subdivision was made in the year 1939; that Post Oak Gardens as originally subdivided consists of 49 tracts of ground; Tracts Nos. 1 and 2 consist of 5 acres each, Tract No. 23 consists of 6.43 acres, Tract No. 24 consists of 6.16 acres, Tract No. 37 consists of 4.56 acres, Tract No. 38 consists of 4.48 acres, Tract No. 47 consists of 6.80 acres, and Tract No. 49 consists of 7.81 acres; all of the remaining tracts in the subdivision consist of 4 acres each.

The trial court further found that "the property immediately adjoining Tract No. 2 to the East and fronting on Westheimer Road is outside the boundaries of Post Oak Gardens, is unrestricted and is devoted to business and commercial uses. * * * As set out in Finding of Fact No. 8, a church is located on the East three acres of Tract No. 1, immediately west of Tract No. 2

across Bering Drive. Westheimer Road was a quiet, country road at the time of the original subdivision of Post Oak Gardens in 1939, but is today a heavily traveled, main thorofare. Tract No. 2, by reason of all of said matters, is no longer suitable for exclusively residential purposes. * * * The present reasonable market value of Tract No. 2, if subject to the same restrictions as the other property in Post Oak Gardens, would be not more than $10,000.00 per acre, or a total of approximately $50,000.00. The value of said Tract No. 2, if unrestricted and available for business or commercial development, would probably be between $35,000.00 and $43,000.00 an acre, or a total from approximately $175,000.00 to approximately $220,000.00."

The court concluded, among other things, that the restrictions governing Post Oak Gardens are valid, subsisting and enforceable, restrictive covenants, but because of the change of conditions in the area immediately adjacent to Tract No. 2, the court was of the opinion that it was no longer just or equitable to enforce the restrictive covenants against Tract No. 2 so as to prevent the use of it for business and commercial purposes.

The ultimate issue before the court below, as disclosed by the pleadings of the parties and the Findings of Fact and Conclusions of Law made by the court, was whether Tract No. 2 was or was not, at the time of trial, suitable for exclusively residential purposes and, if it was no longer suitable for such purposes exclusively, then whether or not under all the facts and circumstances in evidence it would be just and equitable to enforce the building restrictions against the use of Tract No. 2 for business purposes. The trial court, in the exercise of its sound discretion, decided the issue against the contentions of appellant. Since appellant did not bring forward as a part of the record any statement of facts, we cannot say the evidence introduced upon the trial did not support the findings of the court. Shroff v. Deaton,

Tex.Civ.App., 220 S.W.2d 489; Continental Fire & Casualty Ins. Corp. v. Surber, Tex. Civ.App., 231 S.W.2d 750. As said in 3 Tex.Jur., p. 540: "In the absence of a statement of facts, the appellate court cannot determine questions depending upon the sufficiency of the evidence; and hence cannot consider assignments of error to the effect that the evidence is insufficient to support the findings, verdict or judgment, or that they are contrary to the evidence."

 Furthermore, in the preparation of the Findings of Fact and Conclusions of Law in cases tried by the court without a jury, the trial judge is required to find only on the ultimate controlling issues of fact raised by the pleadings and tendered by the evidence, and is not required, even upon timely request, to make findings on issues of fact that are only evidentiary and incidental in nature. Plaza Co. v. White, Tex. Civ.App., 160 S.W.2d 312, er. ref.; Clopton v. Cecil, Tex.Civ.App., 234 S.W.2d 251.

It appears from the Findings of Fact and Conclusions of Law that the trial court, in passing upon the ultimate questions before him, considered a change of conditions in the immediate vicinity of Tract No. 2 since the time the original subdivision was made in 1939. One of these changed conditions was the finding that a church had been located in close proximity to Tract No. 2 and various other churches had been located on additional tracts throughout the subdivision. It has been repeatedly held that the building of a church constitutes a violation of an exclusively residential restriction. Cannon v. Ferguson, Tex.Civ.App., 190 S.W.2d 831; Chandler v. Darwin, Tex.Civ.App., 281 S.W.2d 363; Terrell Hills Baptist Church v. Pawel, Tex.Civ.App., 286 S.W.2d 204. The other change of conditions related to the heavy traffic that had sprung up along Westheimer Road, and to the commercial and business use to which the property outside of the subdivision and immediately opposite Tract No. 2 was put. Hence, it appears that the court considered a change of conditions both within and without the subdivision in the immediate vicinity of Tract No. 2. While the trial judge did not make any finding of other changes of conditions, in the absence of a statement of facts we cannot say that the evidence did not show additional changes which arose exclusively within the subdivision and in the immediate vicinity of Tract No. 2.

In the light of what we have said, it is our opinion that no reversible error has been shown by the record before us. We base our opinion in part upon the holding in the following cases: Ragland v. Overton, Tex.Civ.App., 44 S.W.2d 768; Overton v. Ragland, Tex.Civ.App., 54 S.W.2d 240; Abernathy v. Adoue, Tex.Civ.App., 49 S.W.2d 476.

Therefore, the judgment appealed from is affirmed.