**FIRST NATIONAL BANK IN DALLAS and Lawyers Surety Corporation, Appellants,**

v.

**BANCO LONGORIA, S. A., Appellee.**

No. 13891.

Court of Civil Appeals of Texas.

San Antonio.

March 21, 1962.

Rehearing Denied April 18, 1962.

Mann, Byfield & Costillon, Laredo, Coke & Coke, Dallas, for appellant.

J. G. Hornberger, Oscar Laurel, Abraham Kazen, Jr., Laredo, for appellee.

MURRAY, Chief Justice.

This is an appeal by First National Bank in Dallas, hereinafter referred to as Bank, and Lawyers Surety Corporation, from a judgment in a garnishment suit rendered in favor of Banco Longoria, S.A., as plaintiff, against the First National Bank in Dallas as garnishee and Lawyers Surety Corporation as surety on a replevy bond filed by the defendant debtor, Casco Chemical Corporation, in the sum of $11,495.36, together with interest and court costs. The judgment appealed from was entered on January 31, 1961.

Appellants' first point is:

"This court should reverse the judgment of the trial court and render judgment dismissing the case because the appellee so controverted the first amended answer of the garnishee that the trial court lost jurisdiction to do anything but dismiss the case or order it transferred to Dallas County where the garnishee bank is domiciled."

Two lawsuits are involved herein. The first, which is hereinafter called the main suit, was filed by Banco Longoria, S.A., against Casco Chemical Corporation in the 111th District Court of Webb County, Texas, and given the number of 20,347. Judgment was rendered in that cause on March 23, 1960, in favor of plaintiff and against defendant in the sum of $10,905.58, together with interest, attorney's fees and court costs. An appeal was attempted to this Court and the judgment was affirmed on certificate on August 17, 1960, and mandate was issued out of this Court on September 3, 1960. That judgment is now final and is not here questioned in any way.

The other suit, which is ancillary to Cause No. 20,347, is the garnishment proceeding styled Banco Longoria, S.A., v. First National Bank in Dallas, which was begun by plaintiff on application for a writ of garnishment against the Bank, and also filed in the 111th District Court of Webb County, as No. 20,355. The suit was filed on April 11, 1959. A writ of garnishment issued the same day and was served upon the Bank in Dallas on April 13, 1959, commanding it to appear before the District Court in Laredo in Webb County, at 10:00 o'clock A.M. on the Monday next following the expiration of twenty days from the date of service of the writ, which was May 5, 1959; "then and there to answer upon oath what, if anything, you are indebted to the said Casco Chemical Corporation, and were when this writ was served upon you, and what effects, if any, of the said Casco Chemical Corporation you have in your possession, and had when this writ was served, and what other persons, if any, within your knowledge, are indebted to the said Casco Chemical Corporation or have effects belonging to it in their possession." On the next day, April 14, 1959, Casco Chemical Corporation filed a replevy bond in the principal sum of $16,000.00, signed by itself as principal and Lawyers Surety Corporation as surety, conditioned for the payment of any judgment against the First National Bank in Dallas, garnishee in the suit. Whereupon, on the same day, the Judge of the 111th District Court of Webb County, Texas, entered an order "that the FIRST NATIONAL BANK IN DALLAS be and it is hereby authorized to release any effects, debts, shares or claims of any kind seized and garnisheed by the Writ of Garnishment issued out of this Court on the 11th day of April, 1959." Thereafter on the 28th day of April, 1959, the Bank filed its original answer, stating that it had complied with the above order of the court.

Thereafter, on March 23, 1960, judgment was rendered in the main suit as hereinbe-

fore stated. On August 31, 1960, the Bank filed its First Amended Original Answer stating that on April 13, 1959, the date upon which the writ of garnishment was served upon it, Garnishee was indebted to Casco Chemical Corporation in the sum of 65 cents in a regular checking account, and the sum of $1,759.09 in a payroll checking account.

On the same day a hearing was had in the garnishment suit, and the court announced it was rendering judgment against Casco Chemical Corporation and Lawyers Surety Corporation for the full amount of the judgment in the main suit, and for nominal damages only, against the Bank. No written judgment was ever signed or entered, and on September 6, 1960, Banco Longoria, S.A., filed a motion to re-open the hearing in order that it might present additional evidence, and also filed an answer to the first amended answer of the Garnishee, which had been filed on the day of the first hearing, August 31, 1960. The motion to re-open the case was set for hearing on September 13, 1960, and was then and there granted. On October 31, 1960, appellee filed a motion praying the court to order Garnishee Bank to file an amended answer setting forth the amount which it was indebted to Casco Chemical Corporation on each day between April 14 and May 4, 1959. When this motion came on for hearing the Garnishee Bank moved the court to transfer the cause to Dallas where the Garnishee Bank resided, under the provisions of Article 4096, Vernon's Ann.Civ. Stats. On November 21, 1960, the debtor, Casco Chemical Corporation filed a sworn answer styled "Traverse of all of the Answers of Garnishee." The allegations of such "Traverse" were to the effect that all of the funds on deposit in the Garnishee Bank were advanced on drafts, and hence in the nature of loans upon which it was paying interest, and were not moneys which were subject to garnishment. To this "Traverse" the appellee filed a motion to strike. Casco Chemical Corporation then filed a motion to transfer the cause to

Dallas County, upon the provisions of Art. 4096, supra. On January 4, 1961, at the time of the trial, appellee filed a second motion to strike such "Traverse" and it was granted. At the trial, the court rendered judgment for the full amount of appellee's claim against Casco Chemical Corporation and Lawyers Surety Corporation as surety on the replevy bond, together with interest and court costs, as above stated. It is from this judgment that this appeal is taken by First National Bank in Dallas and Lawyers Surety Corporation.

It is the contention of appellants that all of the maneuvering that took place in this garnishment proceeding amounted to a traverse of the Bank's answer and therefore, under the provisions of Art. 4096, supra, the 111th District Court of Webb County was without jurisdiction to do other than dismiss the cause or transfer it to the District Court of Dallas County, the residence of the Garnishee Bank. We do not agree.

 There seems to be no decided case that is exactly the same as this one. Let us first consider what was the effect of the filing of the replevy bond. Undoubtedly, it had the effect to authorize the Bank to release any funds subject to being reached by the writ of garnishment, especially since the court so ordered. But it did not have the effect of relieving the Garnishee Bank from filing an answer replying to the questions which the writ of garnishment asked. The replevy bond, in a way, took the place of the Bank and relieved it from liability, but it was necessary for the court to know what funds were in the hands of the Bank belonging to Casco Chemical Corporation, so that it could render judgment in such amount. It was the duty of the Bank to report all of the funds that it had on hand belonging to Casco Chemical Corporation at the time the writ of garnishment was served, and also those coming into its hands up until the day it was to answer, which was May 4, 1959. It is quite clear that a writ of garnishment does

not only impound the funds in the hands of the bank when the writ is served, but also such funds belonging to the debtor up to and including the day the garnishee is to answer. Cooper v. Cocke, Tex.Civ.App., 145 S.W.2d 275; 26 Tex.Jur. pp. 713, 721, §§ 41, 46. A garnishee cannot avoid accounting for funds coming into its hands by filing an answer at once, or by only stating, in its answer, that it had certain funds on hand belonging to the defendant debtor on the day the writ was served. It is not improper for the garnishee to file his answer before the return day of the writ, but if the garnishor has reason to believe that the garnishee has received funds subsequently to the time it answered, or if the answer does not fully reply to all the questions asked in the writ, it is proper for the garnishor to except to the answer and ask the court to require the garnishee to answer fully. Such action is not a traverse of the garnishee's answer. 27 Tex.Jur.2d 63, § 113; Gray v. Armour & Co., 129 Tex. 512, 104 S.W.2d 486.

■ Here the garnishee did not file an answer to the questions asked in the writ of garnishment, on or before May 4, 1959, which was appearance day, and perhaps the court would have been justified in rendering judgment on the replevy bond for the full amount of plaintiff's claim. This the court did not do but permitted garnishee to file a belated answer on August 31, 1960, which did not answer all of the questions submitted. This again would probably have justified a judgment for the full amount, but the court required the garnishee to answer more fully. The second amended answer of the garnishee replied to all of the questions propounded in the writ and justified the judgment rendered. The second amended answer of the Bank shows clearly that during the time covered by the writ of garnishment, to-wit, from April 13 to May 4, 1959, Garnishee had in its possession money belonging to Casco Chemical Corporation more than sufficient to pay plaintiff's entire claim. This is true without resorting

to the "collateral account." The fact that the Bank had loaned this money to Casco, collected interest thereon and had paid it out to other parties, in no way relieved the Bank from liability. The replevy bond simply assumed this liability of the Bank.

■ The fact that the replevy bond was given before the amount of money on deposit with the Garnishee Bank was known and before it had filed any answer, and the further fact that some of the money was deposited in the Bank after the replevy bond was filed, does not change the situation in any way. The replevy bond assumes the liability of the garnishee and simply stands in the place of the funds held by the Bank as far as payment of the judgment against the defendant-debtor is concerned.

■ Appellants insist that when Casco filed its "traverse" to all of the answers filed by the Bank, the jurisdiction of the 111th District Court was terminated. We do not agree. This "traverse" was not verified as is required by Rule 673, Texas Rules of Civil Procedure. Furthermore, the so-called "traverse" does not in fact traverse the Garnishee's answer, because the reason given why such funds were not subject to garnishment is not a legal one. The money which was in the Bank in the name of debtor-defendant could be paid out upon his check and was subject to garnishment, even though it was money upon which he was paying interest and was borrowed for the purpose of meeting a payroll. Ragsdale v. Groos, Tex.Civ. App., 51 S.W. 256; 26 Tex.Jur.2d 687, § 19.

The 111th District Court of Webb County did not lose jurisdiction of this cause as a result of the various motions and answers that were filed herein.

■ Appellants next contend that in any event the judgment should not have been for more than the sum of $1,759.74, which was the total amount shown by the Garnishee's first amended answer. We do

not agree. The answer shows that this was the amount shown in checking accounts of Casco on the day the writ of garnishment was served, but fails to show what sums were received after service of the writ and before appearance day for the Garnishee. The second amended answer of the Garnishee Bank showed that during this period more money was received in Casco's checking accounts than was needed to cover the judgment rendered, without taking into consideration the "collateral account." The replevy bond was executed before the amount on deposit with the Bank was known. The replevy bond was given to protect the Bank from having to pay any judgment that might be rendered against it by reason of being the garnishee. If the surety on the replevy bond wanted to know the amount of its liability, it should have waited until after the Bank had fully answered. The surety on the replevy bond guaranteed the judgment that might ultimately be rendered against the Bank up to $16,000.00. It did this without first determining what the amount of the judgment would be, and without first learning the amount of the funds in possession of the Bank belonging to Casco.

Appellants next contend that the trial court erred in rendering judgment against the Bank. The judgment provides that no execution shall issue on such judgment. This was a mere formality, inasmuch as the appellee must look to the replevy bond and its signers to collect the judgment. The judgment when considered as a whole makes it plain that the replevy bond stands in the place of the money held by the Bank. It is difficult to know just how much should be recovered against the signers of the replevy bond without first determining the amount of the judgment against the Bank. The condition in the replevy bond is for the payment of any judgment against First National Bank in Dallas, Garnishee. What is this condition worth, if there is to be no judgment against the Bank. It seems that it is not improper to render judgment against the Bank without the right of execution, and then collect the amount of the judgment from the signers of the replevy bond. If taking judgment against the Bank without the right of execution is error at all, it is harmless error, and under the provisions of Rule 434, T.R.C.P., is no ground for a reversal of the judgment.

Inasmuch as there was sufficient money in Casco's checking accounts, without resort to the "collateral" account, we do not deem it necessary to pass upon whether the funds in the "collateral" account were subject to garnishment.

The judgment is affirmed.