**AMERICAN EXPRESS COMPANY,**
Appellant,

v.

**MONFORT FOOD DISTRIBUTING COMPANY, Appellee.**

No. 1512.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Dec. 22, 1976.

Michael Paul Graham, Thomas R. Phillips, Baker & Botts, Houston, for appellant.

S. Mitchell Glassman, Elene B. Glassman, Brown, Teed, Sims, Ayre & Glassman, Joe Resweber, County Atty., Billy E. Lee, Asst. County Atty., Houston, for appellee.

CIRE, Justice.

This appeal is from a summary judgment denying relief upon a bill of review to set aside a default judgment taken in a writ of garnishment action.

Appellee Monfort Food Distributing Co., Inc. (Monfort) obtained a judgment against Ichiban of Houston, Inc., d/b/a Ichiban Steak House of Houston (Ichiban). It then sought a writ of garnishment upon appellant American Express Co., Inc. After service of citation, the legal department of American Express, located in New York City, forwarded the writ of garnishment to Dale B. Shepp, supervisor of its Sales Service Division, located in Phoenix, Arizona. Mr. Shepp mailed an answer to Ray Hardy, district clerk of Harris County on October 22, 1975. This answer, in the form of a letter addressed to Mr. Hardy, contained the style and cause number of the garnish-

ment action and read in part "[p]lease be advised that as of this date no funds are due and owing said defendant." It also contained an affidavit by Mr. Shepp swearing to the truth of the answer. No copy was sent to Monfort or its counsel, though counsel's name and address appeared on the writ.

The original of the answer was returned to Mr. Shepp bearing the district clerk's file mark, dated October 28, 1975. No copy of the answer was made by the district clerk's office and no record of the answer was kept. Judgment by default was entered on November 21, 1975. Notice of default was mailed to American Express in care of its registered agent, but for some unexplained reason was returned "not deliverable as addressed." American Express had no knowledge of the default judgment until March 23, 1976. On that date, a deputy sheriff of Harris County sought to execute the writ of garnishment at the offices of American Express in Houston; this was prevented by its payment of a cashier's check to the sheriff of Harris County in the amount of judgment plus costs. American Express then obtained a temporary injunction against the sheriff to prevent him from paying the money to Monfort and filed a bill of review in the court below to set aside the default judgment. The sheriff deposited the proceeds of the cashier's check into the registry of the trial court and both parties moved for summary judgment. After a hearing, Monfort's motion was granted. The judgment recited:

> and the Court, having heard the arguments of counsel, being of the opinion that no genuine issue as to any material fact exists in this cause, and being further of the opinion that, as a matter of law, the failure of the Plaintiff, American Express Company, to file an answer to a Writ of Garnishment duly served upon it in Cause No. 1,023,779–A, styled *Monfort Food Distributing Company vs. Greenway Bank & Trust of Houston,* and American Express Company, Garnishee, in the 55th Judicial District Court of Harris County, Texas, was mixed with the fault or negligence of the said Plaintiff,

American Express Company, and that, therefore, as a matter of law, the said Plaintiff, American Express Company, is not entitled to a Bill of Review in this cause  .   .  . .

American Express appeals on two points of error, contending: (1) it was error to grant Monfort's motion for summary judgment and (2) it was error not to grant American Express's motion for summary judgment because it established as a matter of law all the necessary elements for relief under a bill of review.

■ Where the defendant seeks summary judgment, he must establish that there is no genuine issue of fact as to at least one essential element of plaintiff's cause of action, and that he is entitled to judgment as a matter of law. *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 936 (Tex.Sup.1972); *Gibbs v. Gen. Motors Corp.,* 450 S.W.2d 827, 828 (Tex.Sup.1970). In its bill of review, American Express had to allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which it was prevented from making by the fraud, accident, or wrongful act of the opposite party, (3) unmixed with any negligence of its own. The second requirement is satisfied where the excuse is based on an error made by an officer of the court acting in his official capacity in discharge of a duty imposed by law. *Petro-Chemical Transp., Inc. v. Carroll,* 514 S.W.2d 240, 245 (Tex.Sup. 1974); *Hanks v. Rosser,* 378 S.W.2d 31, 35 (Tex.Sup.1964).

For its meritorious defense to the writ of garnishment, American Express asserted that it was not indebted to Ichiban. Monfort has not controverted this assertion.

■ American Express's bill of review alleged it was prevented from making its defense through an error made by an officer of the court acting in his official capacity in discharge of a duty imposed by law because the district clerk's office erroneously returned its answer. The answer, bearing the district clerk's file mark, and the envelope in which the answer was returned

to American Express's Phoenix offices were entered into evidence before the trial court. Pleadings are properly filed with the clerk of the court. Tex.R.Civ.P. 74. Where a paper is deposited with the clerk for the purpose of making it a part of the record of the case, it is filed. *Hanover Fire Ins. Co. v. Shrader*, 89 Tex. 35, 33 S.W. 112, 113 (1895); *Civil Serv. Comm'n v. Crager*, 384 S.W.2d 381, 383 (Tex.Civ.App.-Beaumont 1964, writ ref'd n. r. e.). American Express thus presented some evidence that it properly filed an answer, and that the error of the district clerk in not placing the answer with the other papers in the court's file caused the default judgment to be entered. Monfort did not controvert this evidence.

Finally, American Express contends that the mistaken handling of the answer leading to the default judgment was unmixed with any negligence of its own. Monfort asserts it was negligence as a matter of law to allow a corporation's legal business to be handled by someone not an attorney, and that the answer was a nullity and thus could not prevent a default judgment.

In support of its contention that the answer of American Express was a nullity, appellee cites the general rule that corporations may appear in court only by an attorney. Annot., 19 A.L.R.3d 1073 (1968); 9 Fletcher Cyclopedia of Corporations § 4463 (perm. ed. rev. vol. 1976). One Texas court has adopted this rule. *Globe Leasing, Inc. v. Engine Supply & Mach. Serv.*, 437 S.W.2d 43, 45 (Tex.Civ.App.-Houston [1st Dist.] 1969, no writ). The purpose of the rule requiring legal matters to be handled by persons trained in the law and familiar with court procedure is to further the efficient administration of justice.

It could be argued that garnishment suits are inquisitorial in nature and akin to bills of discovery and, therefore, the general rule does not apply. In the case of *Gerhard Hardware Co. v. Texas Cotton-Press Co.*, 26 S.W. 168 (Tex.Civ.App.1894, no writ), which was a garnishment suit, the court held that a vice-president of a corporation had authority to answer for the corporation. But it is unnecessary for us to decide that question. Even if a corporation can answer through one of its officers, it does so at its own risk, and in this case it was negligence as a matter of law for the legal staff of this large, nationwide corporation to completely entrust the answering of the writ of garnishment to a layman in Arizona. An attorney would have recognized the clerk's mistake in returning the answer, and an attorney would not have filed an answer in the form of a letter which, without a doubt, contributed to the clerk's failure to place the answer with the other papers in the suit.

Further, even if we ignored the "negligence" test as set out in *Texas Mach. & Equip. Co., Inc. v. Gordon Knox Oil & Exp. Co.*, 442 S.W.2d 315, 318 (Tex.Sup. 1969), and applied the "intentional failure or conscious indifference" test as earlier expressed in *Hanks v. Rosser, supra*, 378 S.W.2d at 34, it would not affect our ultimate holding in this case. Even if the answer had been before the trial court at the time the default judgment was entered, we would be required to affirm the judgment. Appellant's answer was insufficient in that it failed to: (1) state what effects, if any, of Ichiban American Express had in its possession and (2) state what persons, if any, within its knowledge were indebted to Ichiban or had in their possession effects belonging to Ichiban. These questions are material, and the Rules of Civil Procedure require them to be propounded in the writ and to be answered by the garnishee as a prerequisite to discharge. Tex.R.Civ.P. 659, 666. Where the garnishee's answer fails to respond to these questions, it may be regarded as no answer at all, and judgment by default may be entered against the garnishee. This is a harsh but well-settled rule. In *Gray v. Armour & Co.*, 129 Tex. 512, 104 S.W.2d 486, 487 (1937) the court in construing article 4086 of the Revised Statutes, the predecessor of our present rule 666, stated:

> Prior decisions, however, must be construed as clearly establishing the rule that if the answer filed does not contain responses to all inquiries required to be

answered in order to furnish the basis for discharge, as provided by article 4086, then the answer may be regarded as insufficient, even in absence of exceptions or a controverting affidavit, and judgment by default may be entered against the garnishee.

We are aware that at the time the *Gray* opinion was handed down, article 4087 of the Revised Statutes governed default judgments in garnishment cases. That statute read:

The garnishee shall in all cases after lawful service file an answer to the writ of garnishment on or before appearance day of the term of the court to which such writ is returnable, and should the garnishee fail to file such answer to said writ as herein required, it shall be lawful for the court . . . to render judgment by default . . ..

Article 4087 was repealed by our present rule 667 which reads:

If the garnishee fails to file an answer to the writ of garnishment at or before the time directed in the writ, it shall be lawful for the court . . . to render judgment by default . . ..

▮ The deletion of the phrase "as herein required" from rule 667 does create some doubt in our minds as to whether the rule as stated in *Gray* is still in effect, but *Gray* has been cited several times by other courts of civil appeals since the effective date of rules 666 and 667. *J. C. Hadsell & Co., Inc. v. Allstate Ins. Co.*, 516 S.W.2d 211 (Tex. Civ.App.-Texarkana 1974, writ dism'd); *Investors Diversified Serv., Inc. v. Bruner*, 366 S.W.2d 810 (Tex.Civ.App.-Houston [1st Dist.] 1963, writ ref'd n.r.e.); *First Nat'l Bank v. Banco Longoria, S.A.*, 356 S.W.2d 192 (Tex.Civ.App.-San Antonio 1962, writ ref'd n.r.e.); *Snyder Nat'l Bank v. Pinkston*, 219 S.W.2d 606 (Tex.Civ.App.-Dallas 1949, no writ); *Vick v. Merchants' Fast Motor Lines, Inc.*, 151 S.W.2d 293 (Tex.Civ.App.-Eastland 1941, no writ); *Texlite, Inc. v. Liberty State Bank*, 150 S.W.2d 822 (Tex. Civ.App.-Waco 1941, no writ). Until our supreme court holds otherwise, we must regard it as merely a minor textual revision rather than a substantive change. In our opinion the rule has been with us too long to be overturned in such a casual manner. In the case of *Kentucky Oil Corp. v. David,* 285 S.W. 290 (Tex.Com.App.1926, jdgmt. adopted), the court, in reviewing the history of the rule, said at page 292:

It is well settled by a long line of decisions beginning at a very early day that a failure, without good excuse timely interposed, by the garnishee to file an answer to each of the statutory inquiries contained in the writ served upon him will authorize the rendition of a default judgment against him. (citing cases)

Appellant's points are overruled and the judgment of the trial court is affirmed.