John E. HEALY et ux., Appellants,

v.

WICK BUILDING SYSTEMS, INC., Appellee.

No. 19251.

Court of Civil Appeals of Texas, Dallas.

Nov. 15, 1977.

Rehearing Denied Jan. 12, 1978.

Royal H. Brin, Jr., Strasburger & Price, Dallas, for appellants.

Mark C. Hill, Cantey, Hanger, Gooch, Munn & Collins, Fort Worth, for appellee.

AKIN, Justice.

This is an appeal from an order denying a motion to set aside a default judgment in a garnishment action. Wick Building Systems, Inc. filed an application for writ of garnishment against Mr. & Mrs. John E. Healy after obtaining a $95,486.00 judgment against Healy Mortgage Company. In that suit, Wick also sought judgment against these garnishees individually but was not successful in that respect. Then Wick filed this garnishment which the garnishees failed to answer. After the default judgment was entered against the garnishees on October 21, 1976, they filed, on October 26, a motion to set aside the default or, alternatively, a motion for new trial. The questions presented on this appeal are: (1) whether garnishees' failure to answer was a result of conscious indifference and (2) whether the garnishee's motion set up a "meritorious defense". The latter question turns on whether appellants' failure to deny "that any other persons within his knowledge are indebted to the defendant" (debtor) as required by Tex.R.Civ.P. 666 for discharge, precludes, as a matter of law, a meritorious defense to the garnishment action being set up. We hold that it does not. We also hold that garnishees' failure to answer was not the result of conscious indifference. Accordingly, the trial court abused its discretion in refusing to set aside the default.

*Lack of Conscious Indifference*

On March 4, 1975, Wick applied for a writ of garnishment against the Healys. This writ was served on them on March 8, 1975, after which the Healys turned the matter over to their attorney who had represented them successfully in the original suit when Wick had sought judgment directly against them. The motion to set aside the default, supported by affidavits, shows that the attorney promptly prepared an answer and mailed it to the Healys on March 10. Apparently, Wick's attorney knew that the Healys were represented in the garnishment because of a letter dated March 9 to the Healys' attorney requesting depositions. On May 19, Wick's attorneys gave written notice of intent to take oral depositions. This notice was specifically addressed to the Healys and their named attorney. Pursuant to this notice, the Healys' depositions were taken and their attorney was present and participated. On August 11, the Healys' attorney sent the depositions to the court's clerk and sent a copy of the letter of transmittal to Wick's attorneys. This deposition was received and filed on August 12. The case was set for trial on October 21, but neither the garnishees nor their attorney received notice of the setting. Consequently, a default was entered against them on that date for $95,486.00. Upon receipt of notice of default, the Healys' attorney immediately filed the motion to set aside the default and offered to compensate Wick for any expenses entailed in taking the default and to go to trial forthwith. The trial court denied the motion, and the garnishees appealed, asserting that the court abused its discretion in denying the motion. Wick argues, on the other hand, that over two hundred days expired between service and the default and that both the Healys and their attorney were aware that no answer had been filed. In this respect, Wick points to the following testimony in Healys' deposition:

Q.[1] All right. This is not the same lawsuit which was tried on December, 1975. This is a different lawsuit in which Writs of Garnishment were served upon you and your wife. And you received from the Court a Writ of Garnishment?

\* \* \* \* \* \*

A. I received one, yes sir.

Q. And you discussed this with your attorney?

A. Yes, sir.

Q. *Have you filed* any answer in response to that Writ of Garnishment with the Court, advising the Court as to what property you do or do not have that belonged to Healy Mortgage Company?

A. *I don't believe we have.*
  HEALY'S COUNSEL: I don't know.

Q. Well, as far as I am aware, there has been no answer filed, but I'm asking, *you do not know of any answer that's been filed?*

A. *No, sir.*
  [Emphasis added by appellee]

■ Appellee interprets the garnishee's response to mean that the garnishee affirmatively knew that no answer had been filed. However, we read this testimony as meaning that the garnishee did not know personally what specific documents his attorney may have filed. Indeed, laymen are not expected or required to be familiar with the technical intricacies of a lawsuit. In any event, it appears to us that the employment of an attorney to represent them in this action, and his appearance at the depositions negates any conscious indifference as set forth in *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939), as follows:

A default judgment should be set aside and a new trial ordered in any case in which the *failure of* the defendant to answer before judgment *was not intentional, or the result of conscious indifference on his part,* but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the

1. All questions were by Wick's counsel unless otherwise noted.

granting thereof will occasion no delay or otherwise work an injury to the plaintiff. [Emphasis added]

We hold that under this rule the record establishes as a matter of law that garnishees' failure to file an answer was neither intentional nor the result of conscious indifference. Whether negligence exists on the part of the defendant or his attorney is immaterial. *Ivy v. Carrel,* 407 S.W.2d 212, 213 (Tex.1966); *O'Hara v. Hexter,* 550 S.W.2d 379, 382 (Tex.Civ.App.—Dallas 1977, *writ refused n. r. e.*).

### Meritorious Defense

We now turn to whether the appellants have met the second part of the test required by *Craddock,* that is, whether they have set up a meritorious defense in their motion for new trial. In this respect, garnishees alleged in the sworn motion that neither of them is or has been indebted to the debtor and that they had no effects or funds in their hands belonging to the debtor. They also alleged they had never been indebted to either the debtor or the plaintiff. Wick argues that the garnishees have failed to set up a meritorious defense, as a matter of law, because they failed to deny "that any other persons within his knowledge are indebted to the defendant," as required by Tex.R.Civ.P. 666 for discharge. Our question is whether, as a matter of law, this omission is fatal to their alleged meritorious defense. We hold that it is not insofar as the rule in *Craddock* is concerned.

■ Tex.R.Civ.P. 666 [2] sets forth the elements necessary for discharge of the garnishee. It provides:

> If it appears from the answer of the garnishee that he is not indebted to the defendant, . . . and that he has not in his possession any effects of the defendant . . . and if he has either denied that any other persons within his knowledge are indebted to the defendant or have in their possession effects belonging to the defendant, or else has named such persons, should the answer of the garnishee not be controverted as herein-

after provided, the court shall enter judgment discharging the garnishee.

Thus, as we read this rule, it requires for discharge three items:

(1) a denial that the garnishee is indebted to the defendant;

(2) a denial that the garnishee has effects of the defendant; and

(3) a denial of knowledge of third persons who may be indebted to the defendant or have effects of the defendant, or the names of such persons.

■ Rule 667 sets forth when a default may be taken. That rule states:

> If the garnishee fails to file an answer to the writ of garnishment at or before the time directed in the writ, it shall be lawful for the court, . . . on or after appearance day, to render judgment by default, *as in other civil cases,* against such garnishee for the full amount of such judgment against the defendant together with all interest and costs that may have accrued in the main case and also in the garnishment proceedings. The answer of the garnishee may be filed *as in any other civil case* at any time before such default judgment is rendered. [Emphasis added.]

As we read this rule, it provides that a default may be taken, as in other civil cases, only *if no answer is filed.* Cf. Tex.R.Civ.P. 239. It does not state that if the garnishee fails to answer any question contained in the writ that a default may be entered against the garnishee. Thus, it appears to us that an answer, even though insufficient for discharge, may be sufficient to prevent a default. This rule simply makes a garnishee subject to a default judgment, as in any other case, where no answer is filed.

Rule 668 reads:

> Should it appear from the answer of the garnishee or *should it be otherwise made to appear and be found by the court that the garnishee is indebted to the defendant* in any amount, . . . the court shall render judgment for the plain-

---

**2.** All references are to Texas Rules of Civil Procedure.

tiff against the garnishee for the amount . . . found to be due . . . [Emphasis added]

This rule authorizes judgment only where the garnishee is indebted to the defendant and then only to the extent of such indebtedness. *Vick v. Merchants Fast Motor Lines, Inc.,* 151 S.W.2d 293, 294 (Tex.Civ. App.—Eastland 1941, no writ). The rule contemplates that judgment will be predicated on the garnishee's answer admitting the indebtedness or, if garnishee's answer is traversed under rule 673, upon evidence of indebtedness at trial.

Rule 674 provides that if the garnishee's answer is controverted the issue shall be tried as in other cases, and under rule 678 the garnishee is discharged if it is determined, after trial, that he was not indebted to the defendant and did not have effects belonging to the plaintiff.

Rule 669 provides for a sale of effects in the hands of the garnishee that may belong to the defendant in order to satisfy the plaintiff's judgment against the defendant. Rule 670 sets forth the remedy for plaintiff in the event that the garnishee refuses to deliver the effects of the defendant to the sheriff or constable.

Since rule 667, pertaining to when a default judgment may be rendered, specifically states that a default may be entered when the garnishee fails to answer, "as in any other civil case," it follows that an answer, even though insufficient for discharge, may be sufficient to prevent a default. It likewise follows that the rule in *Craddock v. Sunshine Bus Lines* also applies to defaults rendered in garnishment actions.

Thus, as we read these rules, the question of whether the garnishee has set up a meritorious defense pertains solely to the question of whether the garnishee is indebted to the judgment debtor or whether the garnishee has in his possession property belonging to the judgment debtor. The question of whether the garnishee has knowledge of other persons who are indebted to the judgment debtor in no way goes to the question of whether the garnishor is

entitled to judgment against the garnishee under rule 667 or rule 668; rather, it serves primarily a discovery function. *See Holloway Seed Co. v. City National Bank of Dallas,* 92 Tex. 187, 47 S.W. 95, 97 (1898). The question presented here is not whether the Healys as garnishees are entitled to discharge under rule 666, but rather whether they have set up a meritorious defense to the writ of garnishment under rules 667 and rule 668. Since the Healys' motion for new trial placed in issue the merits of the garnishor's right of recovery, we hold that the failure to respond to the discovery aspect of rule 666 did not justify the trial court's refusal to set aside the default. To hold to the contrary would not only deny the garnishees their day in court but would also invoke the harsh penalty of a default judgment for a failure to make discovery without allowing any opportunity to remedy that failure. *See Snyder National Bank v. Pinkston,* 219 S.W.2d 606 (Tex.Civ.App.— Dallas 1949, no writ). That result would be particularly harsh here in view of the garnishee's successful defense of the original action out of which this writ issued.

Our holding is supported by the supreme court decision in *Jemison v. Scarborough,* 56 Tex. 358 (1882). In *Jemison,* the court was confronted with a case similar to ours in that the garnishees' answer was defective. The trial court, however, refused to grant a default, but instead discharged the garnishee, and the garnishor appealed. The supreme court, in reversing and remanding for trial, stated at page 360:

This is not a case where the garnishee is in default for the want of an answer; but here the answer is defective, and, standing alone, would not authorize a judgment to be rendered discharging him; but until excepted to, *it is such an answer as ought to preclude the rendition of a judgment by default against him.* In such a case the plaintiff ought to except to the answer; for then, if the same is insufficient, the garnishee would have the right to amend, so as to fully place his case before the court. [Emphasis added]

The court went on to observe that the liability of a garnishee "is dependent upon his being indebted to, or having effects of, the defendant in the original suit." *Id.* at 361. That court also noted that garnishment has never received, nor should it receive, a liberal construction in favor of the garnishor.

Our holding finds further support in *Capps v. Citizen's National Bank of Longview,* 134 S.W.2d 808, 809 (Tex.Civ.App.— Texarkana 1911, no writ), a case in which the court of civil appeals was confronted with a situation factually similar to ours. In that case, the garnishee answered that it was not indebted to the defendant and that it had no effects belonging to the defendant; it failed, however, to deny knowledge of any other person who may have been indebted to the defendant. When this defect was pointed out to the trial court, the court struck the answer but permitted the garnishee to amend to cure the defect and refused to grant plaintiff a default. Plaintiff in that case appealed, asserting that he was entitled to a default, as a matter of law, because of garnishee's defective first answer and that the trial court erred, therefore, in permitting the garnishee to amend and in refusing plaintiff a default judgment. The Court of Civil Appeals rejected this contention and affirmed, quoting with approval from *Jemison v. Scarborough, supra.*

We have found no case in which an appellate court has affirmed a default judgment where the garnishee had answered on the merits but had failed to answer as to other persons that may have been indebted to the defendant. Nevertheless, appellee Wick cites us to *American Express Co. v. Monfort Food Dist. Co.,* 545 S.W.2d 49, 52–53 (Tex. Civ.App.—Houston [14th Dist.] 1976, no writ) for the proposition that a failure of the garnishee to answer all questions necessary for discharge is no answer at all and justifies a default against the garnishee. Although *American Express* is distinguishable from this case in that the garnishee's answer failed to respond as to what effects it had belonging to the debtor, it sets forth the proposition above stated as "a harsh but well-settled rule." *Id.* at 52. In support of

this "harsh but well-settled rule," the 14th Court of Civil Appeals quotes from *Gray v. Armour & Co.,* 129 Tex. 512, 104 S.W.2d 486, 487 (1937) the following:

Prior decisions, however, must be construed as clearly establishing the rule that if the answer filed does not contain responses to all inquiries required to be answered in order to furnish the basis for discharge, as provided by article 4086, then the answer may be regarded as insufficient, even in absence of exceptions or a controverting affidavit, and judgment by default may be entered against the garnishee.

As we read *Gray,* that court specifically refused to follow this so-called rule and held in a situation similar to ours that where a garnishee's answer is sufficient for discharge, a default judgment is improper even though the garnishee failed to respond to all of the questions in the writ. The *Gray* court *did not hold* that a garnishee must plead all elements necessary for discharge in order to prevent a default. Indeed, the *Gray* court stated:

There are expressions in previous cases to the effect that if the garnishee fails to make answer to any one or more of the statutory questions the court is authorized *to proceed as though no answer had been made,* and render judgment accordingly. *Freeman v. Miller,* 51 Tex. 443; *Norton v. B. &. A. Drilling Company* (Tex.Com.App.) 34 S.W.2d 1095; *Kentucky Oil Corporation v. David* (Tex.Com. App.) 285 S.W. 290; *Lamb-McAshan Company v. Ellis* (Tex.Com.App.) 270 S.W. 547.

We have concluded that the language referred to must be interpreted in the light of the particular facts in those cases. Upon examination of the facts in each of the cases where this language has been used we think it will be found that the question which the garnishee failed to answer was a question which by virtue of article 4086 should have been answered as a condition precedent to the discharge of the garnishee. It will also be found that in most instances, if not all, exceptions

were filed to the answer raising the question of insufficiency. 104 S.W.2d at 487.[3]

The rationale of *Gray* was to alleviate the harsh result of the consequences for failing to answer all questions in the writ and to prevent injustice being done where all of the technicalities of the statutes pertaining to writs of garnishment had not been strictly adhered to by the garnishee. In this respect, it was a harbinger of the rule set forth two years later by the supreme court in *Craddock v. Sunshine Bus Lines, supra.* For example, the *Gray* court stated:

If a garnishee files answer which complies with article 4086, it seems to us *but a fair and just rule to require the plaintiff to call to the attention of the court by proper exceptions or objections the fact of any insufficiency in the answer,* thus affording the garnishee an opportunity to supply a complete answer, and also *affording the court an opportunity to prevent injustice and to do justice by all parties.* [Emphasis added]

The *Gray* court did, however, distinguish prior decisions on the ground that "exceptions were filed to the answer [of the garnishee] raising the question of insufficiency" and the garnishee had failed to amend. That court further observed that its conclusion was in harmony with decisions upholding the right of a garnishee to amend his answer when confronted with exceptions touching the answer's sufficiency and, in some cases, to have a default set aside.

In *American Express Co.,* the Houston court had some doubt concerning the viability of the "rule" as stated in *Gray,* but because it had been cited for so long by other courts of civil appeals, that court chose to follow what it termed the "harsh rule" in *Gray,* which we have previously noted was not the holding in *Gray,* but was specifically rejected by that court. We find, however, that the various courts of civil appeals' cases citing *Gray* have not analyzed or cited to this harsh statement in

*Gray* in conjunction with the rule applicable to default judgments enunciated in *Craddock.* Consequently, we do not regard these decisions as authoritative with respect to the question before us and, in our view, we believe that the supreme court would reach the same conclusion as we have here, particularly in light of the rationale set forth in prior supreme court cases, which we discuss, *infra* and *supra.*

We note also that none of the cases cited to support *American Express's* conclusion that *Gray* stood for the "rule" that if the answer does not contain responses to all questions necessary to obtain a discharge a default may be entered against the garnishee, actually do so. For example, in *J. C. Hadsell v. Allstate Insurance Co.,* 516 S.W.2d 211 (Tex.Civ.App.—Texarkana 1974, writ dism'd), the court observed that the garnishee's answer *substantially complied* with rule 666 although the garnishee failed to respond to the discovery aspect of the writ, citing *Gray,* and held that the garnishee was entitled to an attorney's fee where the garnishor non-suited. Likewise, the other cases cited in support of the proposition by *American Express* are either inapposite or cite *Gray* for other statements. These cases are *Investors Diversified Service Inc. v. Bruner,* 366 S.W.2d 810, 815 (Tex.Civ.App.—Houston 1963 writ ref'd n. r. e.); *First National Bank v. Banco Longoria,* 356 S.W.2d 192 (Tex.Civ.App.—San Antonio 1962, writ ref'd n. r. e.); *Texlite Inc. v. Liberty State Bank,* 150 S.W.2d 822 (Tex. Civ.App.—Waco 1941, no writ); *Snyder National Bank v. Pinkston,* 219 S.W.2d 606 (Tex.Civ.App.—Dallas 1949, no writ); and *Vick v. Merchants Fast Motor Lines, Inc.,* 151 S.W.2d 293, 294 (Tex.Civ.App.—Eastland 1941, no writ).

Contrary to *American Express,* the rationale of earlier cases focused upon preventing an injustice to either the garnishee or the garnishor. Our holding is supported by this rationale in earlier cases such as *Freeman v. Miller,* 51 Tex. 443 (1879). In

---

**3.** We note that at the time of the *Gray* decision article 4086 of the Tex.Rev.Civ.Stat. of 1925 (predecessor of Tex.R.Civ.P. 666) required the garnishee to answer whether he was indebted to the judgment debtor and whether he had effects belonging to the judgment debtor as a predicate for discharge. The discovery aspect of rule 666 was then contained in article 4081.

that case, the court was confronted with a default judgment rendered against garnishees where they denied that they were indebted to the garnishor but failed to respond to the second and third statutory[4] questions which were whether garnishee had in his possession any effect of the defendants and whether he had knowledge of any effects of the defendant that were in the hands of other persons and, if so, what persons. In affirming the default judgment, the court held that where the garnishee, without any excuse, fails to make any answer to one or more of the statutory questions, the court is authorized to render a default judgment. However, the court stated: "[I]f from accident, mistake or other cause, *injustice has been done the garnishee,* he himself must take the initiative, and by motion made in due time, or other proper proceedings, seek to set aside the judgment." [Emphasis added].

Heeding this rule, Freeman filed an action in the nature of a bill of review to set aside the default judgment. By affidavit attached to his petition, Freeman answered the statutory questions in the negative and alleged a good excuse for his failure to do so in the first case. The trial court, nevertheless, denied his bill and he appealed again. In *Freeman v. Miller,* 53 Tex. 372, 377–78 (1880), the supreme court, in reversing, enunciated this rule:

> The true rule in such cases is, that to entitle a party to relief in equity he must show, *first,* that his failure to make full answer was not attributable to his own omission, neglect or default; *second,* that he has a good defense to the entire cause of action, *or to such part of it as he proposes* by his petition to *litigate.* It is not enough to show that he was not guilty of neglect in permitting the judgment to go by default, but he must also *clearly* show that *it is inequitable and unjust to permit it to be enforced.* [Emphasis added]

Thus, the supreme court in both *Freeman* cases placed great emphasis upon refusing to permit to stand a default judgment against the garnishee where it was unjust and inequitable. Indeed, it appears that all earlier decisions have been reluctant to sanction a default and have generally construed the garnishment statutes so as not to perpetrate an injustice on the garnishee and to give the garnishee his day in court. In this respect, the rationale of these earlier cases is similar to that enunciated in *Craddock v. Sunshine Bus Lines, supra,* with respect to default judgments generally.

In *Lamb-McAshan Co. v. Ellis,* 270 S.W. 547 (Tex.Com.App.1925, opinion adopted), the garnishee filed no answer and a default judgment was rendered against it. In its motion to set aside the default, garnishee alleged that it was in no manner indebted to any one of the judgment defendants, but failed to deny that it did not have in its possession any effect belonging to any of the judgment defendants or to deny the number of shares they had in the garnishee company. The question presented was whether the garnishee had alleged a meritorious defense. The writ of garnishment served upon it required it to answer the following questions: (1) What, if anything, it was indebted to the judgment defendants, (2) what effects, if any, belonging to them it had in its possession, and (3) what number of shares, if any, the judgment defendants had in the garnishee company. The court held that the garnishee had failed to establish a meritorious defense in that it had failed to deny that it was indebted to any one of the judgment defendants or that the judgment defendants had no shares in the garnishee company. This case is distinguishable from ours in that these questions go to the merits of the garnishment action rather than to discovery. Consequently, we do not regard *Lamb-McAshan* as controlling. The *Lamb-McAshan* court did quote, however, with approval from the second *Freeman v. Miller* case, to the effect that in order for the garnishee to maintain an action to set aside the judgment, "it must allege the same facts as would have been necessary to defeat judgment in the first instance." *Id.* at 550. Similarly, here, the

4. Paschal's Digest, art. 157–167 (1876).

Healys have alleged facts sufficient to prevent a judgment being taken against them under rules 667 and 668, although they may not have set up sufficient facts to justify a discharge under rule 666.

■ We conclude that where a garnishee answers with respect to the merits of the writ, but fails to answer as to his knowledge of other persons who may be indebted to the debtor, no judgment by default may be taken against him, and that if he fails to answer, but shows by affidavit on his motion for a new trial that he was not indebted to the defendant and had no effects of the defendant in his possession, he has "set up" a meritorious defense, even though he fails to show whether he knows of other persons who may be indebted to the defendant. Consequently, we reverse the order of the district court overruling the Healys' motion to set aside the default, as well as the default judgment, and remand for trial on the merits.

## ON MOTION FOR REHEARING

Wick contends that we erred in reversing several crucial findings of fact made by the trial court because no attack was made on these findings by an assignment of error on appeal. In this respect, Wick argues that these findings were supported by substantial evidence. These "fact findings" go to both the question of conscious indifference, as well as the question of meritorious defense.

■ With respect to a meritorious defense, it is well settled that the trial court must, as a matter of law, determine from the motion for new trial and movant's affidavit whether such a defense has been "set up." *Ivy v. Carrell,* 407 S.W.2d 212, 214 (Tex.1966). Consequently, any finding of fact by the trial court as to whether a meritorious defense has been set up is unauthorized and is of no effect.

■ A court is, however, justified in determining disputed questions of fact with respect to the "conscious indifference" standard. However, we know of no authority for a trial court to resolve disputed fact

issues without hearing evidence. Even though facts contained in the Healys' affidavits were disputed by Wick's affidavit as to whether the Healys showed a lack of conscious indifference to the suit, no evidentiary hearing on these disputed issues was requested nor had. Indeed, the court's order specifically recites: "the court having considered the motions, the depositions and affidavits on file herein, briefs and arguments of counsel, finds the following facts." Thus, it is obvious that the court did not hold an evidentiary hearing. We hold, therefore, under these circumstances, that a court cannot make findings of fact solely from the record on file without hearing evidence and findings so made are without effect. We also hold that in such a situation, the court is bound to accept as true the affidavits of the movant unless his opponent requests an evidentiary hearing. *See Dallas Heating Co. v. Pardee,* 561 S.W.2d 16 (Tex.Civ.App.—Dallas 1977); *Cowling v. Colligan,* 307 S.W.2d 841, 843 (Tex.Civ.App.—Austin 1957), reformed 158 Tex. 458, 312 S.W.2d 943 (1958).

Motion overruled.